UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARICA ROMAIN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER OF SOCIAL SECURITY, : <br> : <br> Defendant. : <br> : <br> : | Civil Action No. 13-679 (SRC) <br><br> OPINION |

**CHESLER,** District Judge

### INTRODUCTION

Plaintiff DaRica Romain, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), seeks review of the Commissioner of Social Security Administration's ("the Commissioner") decision denying her application for Social Security Disability Benefits. Plaintiff argues that the decision is not supported by substantial evidence and should be reversed. For the reasons set forth in this Opinion, this Court finds the Commissioner's decision must be vacated and remanded for further proceedings.

In brief, the focus of the dispute before this Court is the weight given to Plaintiff's treating psychiatrist's opinion by Administrative Law Judge Donna A. Krappa (the "ALJ") in her unfavorable decision of July 27, 2011. As Plaintiff states, the record contains a "Mental Impairment Questionnaire" completed by her treating psychiatrist, Dr. Thorpe. (Tr. 378-83.) The decision appears to discuss Dr. Thorpe's opinion in two paragraphs. The first paragraph contains just these two sentences:

1

> I considered the claimant's testimony and Dr. Thorpe's assessment in fashioning this residual functional capacity [sic]. I added the limitation to low stress jobs as a result of Dr. Thorpe's assessment suggesting that the claimant is unable to deal with stress.

(Tr.22.) In the following paragraph, the ALJ states that "in weighing a medical opinion, an ALJ must consider the factors set forth at 20 C.F.R. 404.1527(d). One of those factors is supportability." (Tr. 22.) The decision then states, in abstract terms only, that a doctor "may be tempted to overstate the severity of the patient's limitations out of sympathy," that a doctor "may provide a patient with a favorable disability assessment as a reward," and that a doctor may do so "for person gain [sic]" or to get future business. (Tr. 22.) In the abstract, this Court does not disagree: even learned professionals might provide false evidence. The problem is that the decision stops there, leaving many important questions unanswered, the main one being: how did these considerations, stated by the ALJ only in the abstract, inform the ALJ's weighing of Dr. Thorpe's medical opinion? What role did these considerations play in the decision? The implication is that the ALJ concluded that Dr. Thorpe's opinion should not be credited, or should be given little weight. Yet the opinion does not explain the ALJ's reasoning – or even what she saw in the record that gave her reason to believe that Dr. Thorpe had provided false evidence, which is a very serious matter. Without such explanation, this Court is at a loss to review the ALJ's decision.

Third Circuit law requires that an ALJ must clearly explain her decision. The legal foundation for this is found in the Third Circuit's decision in Burnett v. Commissioner of Social Security, 220 F.3d 112 (3d Cir. 2000). The Third Circuit subsequently summarized the holding of Burnett as follows:

> In *Burnett*, we held that an ALJ must clearly set forth the reasons for his decision. Conclusory statements that a condition does not constitute the medical equivalent of a listed impairment are insufficient. The ALJ must provide a discussion of the

2

> evidence and an explanation of reasoning for his conclusion sufficient to enable meaningful judicial review.

Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009).  In the instant case, the ALJ's decision does not contain a discussion of the evidence relating to Dr. Thorpe's opinion nor an explanation of her reasoning sufficient to enable meaningful judicial review.  On the basis of Burnett alone, the Commissioner's decision must be vacated and the case remanded for further proceedings.

This conclusion is supported by the Court's examination of the record before the ALJ, in light of Third Circuit law.  In the decision, the ALJ correctly cited 20 C.F.R. § 404.1527(d), which appears under the C.F.R. section heading, "Evaluating opinion evidence."  In regard to the opinions of treating physicians, the key provision in that regulation states:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(c)(2).  Thus, when an ALJ considers a treating physician's opinion, the Regulation requires that the ALJ consider whether to give it controlling weight, based on how well-supported it is, and whether it is inconsistent with other substantial evidence.  The Regulation also requires that the ALJ give "good reasons" for her weight determination.

Although the report submitted by Dr. Thorpe is largely a list of ratings, in short, it rates Plaintiff as "seriously limited," "unable to meet competitive standards," or "no useful ability to function" on every listed dimension. (Tr. 381-82.) In the section rating Plaintiff's functional limitations in three key realms, Dr. Thorpe rated all three as "marked," which, according to the definition on the form, means "the degree of limitation is such as to seriously interfere with the ability to function independently, appropriately, effectively, and on a sustained basis." (Tr. 382). Thus, at first glance, it would appear that Plaintiff's treating physician provided an opinion that could support a finding of disability, although, of course, such a decision is not so simple.

The ALJ's decision implies that the ALJ concluded that Dr. Thorpe's opinion was not supported as 20 C.F.R. § 404.1527(c)(2) requires, but that is never clearly stated nor explained. As just discussed, <u>Burnett</u> requires such an explanation, as does the Regulation. But the Regulation also requires that the treating physician's opinion be assessed for consistency with other substantial evidence of record. In this regard, the Third Circuit has held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

<u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). The ALJ's decision does not explain how the ALJ weighed the treating physician's opinion in terms of the other substantial evidence of record. It is not clear if the ALJ found that Dr. Thorpe's opinion conflicted with that of another physician. Under <u>Morales</u>, the ALJ must point to contradictory

4

medical evidence when rejecting a treating physician's opinion, and it does not appear that the ALJ did so. Rather, all that appears in the opinion, as explanation, are unsupported implications that Dr. Thorpe provided false evidence. Both the Regulation and Third Circuit law require a more through explanation for the determination of the weight given to the treating physician's opinion. This provides an additional basis to vacate the decision and to remand for further proceedings.

## CONCLUSION

For the reasons stated above, this Court finds that the ALJ's decision is not amenable to meaningful judicial review within the meaning of Burnett. The Commissioner's decision is **VACATED** and this case is **REMANDED** to the Commissioner for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: March 26, 2014